ROGERS (PETERS v.). See Case No. 11,033.

## Case No. 12,019.
### ROGERS v. The RELIANCE.
[1 Woods, 274.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1872.

MARITIME LIEN — JUDGMENT IN STATE COURT — ESTOPPEL.

The fact that the holder of an admiralty lien has intervened and recovered judgment for the

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

amount of his claim in a state court, in an action in personam. the same remaining unsatisfied. is not a bar to a proceeding in admiralty to enforce the lien.

[Appeal from the district court of the United States for the district of Louisiana.]

In admiralty.

R. De Gray, for libellant.

B. Egan, for claimant.

WOODS, Circuit Judge. The libellant claims the sum of $107.50, as a balance due him for his wages as engineer upon the steam tug Reliance. The answer of the claimant sets up, by way of defense, that the libellant had intervened in the case of Long v. Taylor [unreported], in the Sixth district court of the parish of Orleans, in which he claimed the same wages that he now claims in this suit; that he obtained judgment therefor, under which the tug was seized and sold, and that afterwards a writ of fieri facias was issued on his judgment, by which the wages allowed the said Taylor, by a decree rendered in the United States district court of Louisiana, were seized, and claimant insists that said judgment and proceedings are a bar to a recovery by libellant in this action.

The facts, as developed by the evidence, are not precisely as alleged in the answer. Rogers, the libellant, intervened in the suit in the state court, in which Webster Long was plaintiff, and obtained a judgment in personam against Taylor, the defendant. A fieri facias was issued, not on the judgment of Rogers, but on the judgment in favor of Long, by virtue of which the steam tug Reliance was seized and sold. No part of the proceeds of the sale was ever applied to the judgment of libellant. Afterwards, Rogers hearing that Taylor had some money in the registry of the United States district court, awarded him as wages in the case of Patterson v. The Belle Ida [Case No. 10,824], procured the issue of a fieri facias on his own judgment, and attempted to levy it on the money of Taylor in the registry of the United States district court. In this design he was frustrated, the district court refusing to allow the money in its registry to be seized on an execution issued from the state court. That execution was therefore returned unsatisfied, and the judgment of the libellant against Taylor in personam remains wholly unpaid. The simple question presented, therefore, is this: Does the fact that the holder of an admiralty lien has recovered judgment for the amount of his claim in a court of law in a suit in personam constitute a bar to a proceeding in the admiralty to enforce his lien? I am clearly of opinion that it does not any more than the recovery of a judgment at law on a note secured by mortgage is a bar to a proceeding in equity to foreclose the mortgage. The services of the libellant being admitted, and no good reason being shown why his lien therefor should not be enforced against the tug, a decree will be entered in

favor of libellant for the amount of his claim. namely, $107.50, with interest from the 19th day of December, 1871.